IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEROME GREER-EL, AIS 185535, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-653-WHA-KFP |
| ) | |
| JEFFERY BALDWIN, et al., ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On September 28, 2021, Jerome Greer-El, an Alabama inmate at Elmore Correctional Facility, filed this self-styled "Petition for Release from Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)" presenting claims challenging his 2005 Macon County convictions for shooting into an occupied dwelling and shooting into an unoccupied vehicle.[1] Doc. 1. Because Greer-El seeks immediate release (*id.* at 10–13) and asserts claims attacking the state court judgment under which he is imprisoned,[2] his petition is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 785–87 (11th Cir. 2004). A petitioner cannot evade the procedural requirements of § 2254 by filing something purporting to be something else. *Id.*

---

[1] The Macon County Circuit Court sentenced Greer-El to 21 years in prison for each conviction, the terms to run concurrently.

[2] Greer-El's claims are rambling and nearly undecipherable. He seems to assert claims of fraud on the state courts, cruel and unusual punishment, and violations of his rights to due process and equal protection, which, he says, entitle him to have his convictions set aside and to be released from prison. Doc. 1 at 8–25.

at 787. For the reasons that follow, the Court finds that Greer-El's § 2254 petition constitutes a successive habeas petition subject to dismissal because it was filed without preauthorization from the Eleventh Circuit Court of Appeals.

## II. DISCUSSION

Greer-El's § 2254 petition is at least his third attempt in this Court to challenge his 2005 Macon County convictions for shooting into an occupied dwelling and shooting into an unoccupied vehicle. Greer-El's first § 2254 habeas petition, which he filed in December 2010, was denied and dismissed with prejudice in October 2013. *See Greer-El v. Wheeler-White*, Civil Action No. 3:10-cv-1055-TMH-SRW (M.D. Ala. 2013), Docs. 74, 78, 79. Greer-El's second habeas petition, which he filed in June 2015, was dismissed for lack of jurisdiction because it constituted a successive § 2254 habeas petition filed without the required appellate court preauthorization. *See Greer-El v. State of Alabama*, Civil Action No. 3:15-cv-435-MHT-SRW (M.D. Ala. 2015), Docs. 4, 8, 9.[3]

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court

---

[3] The Court notes that Greer-El also filed a habeas petition under § 2254 in December 2008 seeking to challenge his 2005 Macon County convictions. That petition, however, was dismissed without prejudice to afford Greer-El the opportunity to exhaust state court remedies. *See Greer-El v. Culliver,* Civil Action No. 3:08-CV-1013-MEF-SRW (M.D. Ala. 2009). In March 2020, Greer-El filed another petition presenting claims challenging the 2005 Macon County convictions. After the Magistrate Judge entered a recommendation finding that the petition should be dismissed for lack of jurisdiction because it constituted a successive § 2254 habeas petition filed without the required appellate court preauthorization, Greer-El voluntarily dismissed the petition. *See Greer-El v. Brunson*, Civil Action No. 3:20-CV-167-WHA-CSC (M.D. Ala. 2021).

to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[4] 28 U.S.C. § 2244(b)(3)(B) & (C).

Greer-El furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive petition challenging his 2005 Macon County convictions. "Because this undertaking [is a successive] habeas corpus petition and because [Greer-El] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, Greer-El's § 2254 petition should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

---

[4] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

### III. CONCLUSION

The Magistrate Judge RECOMMENDS that the § 2254 petition be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction as a successive petition filed without the required preauthorization from the Eleventh Circuit Court of Appeals.

It is further ORDERED that by **November 2, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of October, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE